Defendant-appellant, William J. Ward, appeals from a judgment of the East Liverpool Municipal Court, Columbiana County, which found him guilty of driving under the influence (DUI). For the following reasons, the decision of the trial court is affirmed.
 I. STATEMENT OF FACTS
On May 18, 1997 at 12:48 a.m., Liverpool Township Police Officer Brian Graves noticed appellant's car drive by without a license plate light. Without illumination, Officer Graves could not determine whether appellant's car had a license plate. As a result, Officer Graves followed appellant for a quarter of a mile and watched him cross the right edge-line three times.
Officer Graves initiated a traffic stop and smelled a strong odor of alcohol when appellant spoke. Appellant admitted that he consumed six beers that day. Officer Graves spotted two empty twelve packs and one full twelve pack of beer in appellant's back seat. Officer Graves asked appellant to step out of the car and submit to four different field sobriety tests: walk-and-turn, one-leg stand, finger-counting, and alphabet-reciting. After appellant failed all of the tests, Officer Graves arrested appellant for DUI in violation of R.C.4511.19(A)(1) and cited appellant for lack of a license plate light.
At the Liverpool Township Police Department, appellant submitted to breath analysis and registered a .207 blood-alcohol content (BAC). Appellant received another ticket charging him with driving with a BAC over the legal limit in violation of R.C. 4511.19(A)(3). Appellant pled not guilty, requested a bench trial, and filed a motion for discovery of information relating to the BAC machine. Instead of complying with appellant's discovery requests as the trial court ordered, the state dismissed the BAC charge and proceeded on the charges of DUI and no plate light.
The court found appellant guilty of no plate light and of his fourth DUI. The court then sentenced appellant to one hundred eighty days in jail with one hundred fifty days suspended, a $500 fine, a two year license suspension, and three years of intensive supervised probation. The sentence was stayed upon the within appeal.
 II. ASSIGNMENTS OF ERROR
Appellant sets forth the following assignment of error:
 "The trial court lacked sufficient evidence to convict the defendant-appellant of Ohio Rev. Code § 4511.19 (A) (1)."
Appellant breaks this assignment down into two issues, the first of which alleges:
 "The field sobriety tests administered by the arresting officer are not sufficient to prove impairment beyond a reasonable doubt."
Whether or not a judgment of guilt is supported by sufficient evidence is a question of law that deals with the adequacy of proof. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. "The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Goff (1998),82 Ohio St.3d 123, 138, quoting, State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
The applicable elements of R.C. 4511.19(A)(1) are operating a vehicle in Ohio while under the influence of alcohol or drugs. Appellant claims that the state did not prove that he consumed enough alcohol to adversely affect his reactions or coordination so as to be "under the influence" of alcohol.
The evidence, when reviewed in a light positive to the state, shows that appellant drove his car over the right edge-line three times. When asked by Officer Graves, appellant admitted to drinking six beers. On the stand, appellant stated that he had seven beers that day, but over a long period of time. Officer Graves smelled a strong odor of alcohol emanating from appellant's breath. Appellant had two empty twelve packs and one full twelve pack in his back seat. Moreover, appellant performed poorly on all four field sobriety tests administered by Officer Graves.
The finger-counting test required appellant to count down from four to one as he touches the tip of his thumb to the tip of his little finger, then to his ring finger, then to his middle finger, then to his index finger, and then do it backwards. Appellant claims that he cannot even do this test sober. Although the instructions for the finger-counting test are extremely confusing, appellant still did poorly on the other three tests.
Appellant failed the alphabet test by not stopping at the letter "N" as instructed. He failed the one-leg stand by not being able to hold his leg six to eight inches above the ground for twenty seconds. He failed the walk-and-turn, or heel-to-toe, test by taking steps which were too big and not touching his heel to his toe.
Appellant argues that only two of the tests administered by Officer Graves, the walk-and-turn and the one-leg stand, are recommended by the National Highway Traffic Safety Administration (NHTSA). Appellant complains that Officer Graves did not administer the finger-to-nose test which NHTSA also recommends. However, we have held the administration of only one field sobriety test may be insufficient, but the administration of two tests is sufficient. State v. Stolz (Apr. 24, 1987), Belmont App. No. 86-B-36, unreported, 1.
Appellant states that because Officer Graves cannot name any institutions which recommend the finger-counting and the alphabet tests, they cannot be used as evidence of intoxication. Even if appellant's argument has merit, he still failed the two tests which he admits are acceptable. The totality of the evidence, when reviewed in a light most favorable to the state, provides sufficient evidence that appellant was DUI. A rational trier of fact could find appellant guilty beyond a reasonable doubt. Accordingly, appellant's first issue is without merit.
The second issue which appellant presents for our review alleges:
 "A police officer does not qualify as an expert pursuant to Evidence Rule 702."
We review the trial court's decision to admit testimony under the abuse of discretion standard. State v. Bresson (1990),51 Ohio St.3d 123, 129. An abuse of discretion is more than an error of law or judgment, but requires an unreasonable, arbitrary, or unconscionable judgment on the part of the trial court. State v. Adams (1980), 62 Ohio St.2d 151, 157.
Appellant contends that a police officer who is testifying about field sobriety test results must be qualified as an expert and that Officer Graves was not so qualified because he did not know what three tests were recommended by NHTSA. However, it is a widely accepted notion that the observation by a trained police officer of a defendant's performance on field sobriety tests is admissible without expert interpretation. See, e.g., State v. Nagel (1986), 30 Ohio App.3d 80; Stolz,supra; State v. Earley (Mar. 10, 1986), Clinton App. No. CA85-08-016; State v. Hintz (Apr. 5, 1985), Lucas App. No. L-84-377. "[A] police officer may provide lay testimony under Evid.R.701 as to his opinion concerning a defendant's state of intoxication." State v. Wargo (Oct. 31, 1997), Trumbull App. No. 96-T5528, unreported, 3.
The Supreme Court has discussed the required foundation for a police officer to testify as to his/her observations regarding the field sobriety test called horizontal gaze nystagmus (HGN) as follows:
 "the only requirement prior to admission is the officer's knowledge of the test, his training, and his ability to interpret his observations. * * * The admission of the results of the HGN test is no different from any other field sobriety test, such as finger-to-nose, walk-and-turn, or one-leg stand." Bresson, supra at 129.
As required by Bresson, the trial court heard testimony about Officer Graves' training and the actual technique he used to administer the field sobriety tests. As to Officer Graves' training, he graduated from the police academy at the Jefferson Technical College in 1993, where he attended a DUI arrest class. He worked as a police officer for the Liverpool Township Police Department for four months before he arrested appellant. Prior to that, he was a police officer for the Lisbon Police Department. He testified that he made "quite a few" DUI arrests before arresting appellant. (Tr. 23).
As to Officer Graves' knowledge of the tests, he explained the tests from the stand demonstrating he was capable of test administration. It was also obvious from his testimony, that Officer Graves knew how to interpret the test results. For example, Officer Graves was aware that appellant's out of sequence counting and alphabet-reciting indicated impairment, as did appellant's lack of coordination and balance, especially when coupled with appellant's alcohol-laced breath.
Moreover, a police officer may testify about matters within his experience and observations that may aid the trier of fact in understanding the evidence. State v. Jells (1990), 53 Ohio St.3d 22. Accordingly, we cannot say that only an irrational judge would find that Officer Graves had sufficient training and knowledge to administer the walk-and-turn and one-leg stand tests and evaluate the test results. Appellant's second issue presented for review is overruled.
For the foregoing reasons, the judgment of the trial court is affirmed.
Cox, J., concurs.
Waite, J., concurs.
APPROVED:
 ---------------------------- JOSEPH J. VUKOVICH, JUDGE
Hon. Joseph J. Vukovich, Hon. Edward A. Cox, Hon. Cheryl L. Waite, JUDGES.